JACOB MOODY, plaintiff in error, vs. THOMAS MORGAN, defendant in error.

A bond with security given to a plaintiff in attachment, by the defendant, with a condition to produce the property levied on at the day of sale, is not the bond required by the 11th section of the Act of 1856.

Attachment, from Appling county. Decided by Judge COCHRAN, March Term, 1858.

An attachment sued out by Thomas Morgan, against Hector McDuffie was levied by the Sheriff on a steamboat, the property of the said McDuffie. This steamboat McDuffie replevied, and gave a bond to the Sheriff with Jacob Moody as security "for the amount of the judgment and all costs that he may recover in said case in the event said boat is not delivered on the day of sale."

When the cause came on for trial, Jacob Moody moved the Court to set aside the said bond, and to be discharged as security from the same, on the ground that the bond was not in compliance with the 11th section of the Act of 1856, in relation to attachments and garnishments, for that the said bond was not conditioned to pay the amount of the judgment and costs that he might recover in the case, but conditioned that the defendant should pay the plaintiff the amount of the judgment and costs that he might recover in said case, only in the event that the said property so levied on, was not forth-coming at the time and place of sale.

This motion the Court below overruled, and the said Jacob Moody by his counsel excepted.

McLENDON & ACKINGTON, for the plaintiff in error.

SESSIONS, contra.

Moody vs. Morgan.

*By the Court.*—McDONALD, J. delivering the opinion.

The 11th section of the garnishment and attachment Act of 1856, (*Pamphlet* 27,) makes it the duty of the officer levying an attachment, to deliver the property levied on to the defendant, upon his giving bond with good security, payable to the plaintiff in attachment, obligating themselves to pay the plaintiff the amount of the judgment and costs that he may recover in said cause. It is an absolute bond, without a condition of any sort, which the statute requires. A bond for the payment of the debt and costs absolutely. The undertaking of the obligors to the bond under consideration, is for the forth-coming of the boat levied on, and delivered to the defendant, on the day of sale.

There is a great difference between a bond for the payment of a judgment absolutely; and one for the production of property liable to it, on the day of sale. In the first case, there is no condition, in the second, there is a condition, and that condition is of the essence of the obligation. It cannot be rejected without annulling a most essential part of it, which cannot be done.

Prior to the passing of the Act of 1856, the Sheriff, if he thought proper, might have delivered the property levied on by him by virtue of a *fi., fa.* or other legal process, to the defendant, and a bond taken by him for the delivery of it on the day of sale, or at any other time, was declared to be good and valid in law and recoverable. *Cobb* 534.

The bond in this case does not conform to the Act of 1829, in all respects, but the condition of it is in precise accordance with that of bonds legalized by that Act. It certainly is not the bond required to be given by the Act of 1856, under which it is contended that it is good and valid; and the attachment law must be strictly construed. The judgment the Court below must be reversed.

Judgment reversed